(No. 3996—

MARGARET L. TAYLOR, WIDOW OF G. G. TAYLOR, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

CLIFFORD M. BLUNK, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

This suit is brought by Margaret L. Taylor, the widow of G. G. Taylor, deceased, against the State of Illinois, under Section 7a of the Workmen's Compensation Act.

The decedent, G. G. Taylor, was employed by the respondent at the time of his death, and had been so employed for several years prior thereto, as Chief of the Division of Venereal Disease Control in the Department of Public Health. His employment occasionally required him to travel, and to be away from his main office, which was at Springfield, Illinois.

The United States Public Health Service scheduled a meeting for discussion of methods of venereal disease control for June 4, 1946, at the LaSalle Hotel, in the City of Chicago, Illinois. Mr. Taylor was authorized and directed by his department to attend this meeting, and to confer with Dr. T. J. Bauer, the Venereal Disease Control Officer of the Chicago Board of Health.

On June 3, 1946, Mr. Taylor went to Chicago and registered at the LaSalle Hotel with the knowledge and approval of his department. He attended the meeting on June 4th, and remained at the hotel that night for the conference with Dr. Bauer on the following day. Early in the morning of June 5th, a disastrous fire occurred at the hotel, in which Mr. Taylor lost his life. He left the claimant, Margaret L. Taylor, his widow, surviving.

The Director of Public Health had immediate notice of Mr. Taylor's death, and demand for compensation was made by the claimant within six months thereafter.

There is no dispute as to the facts. The respondent, however, raises two questions of law:

1. Is the injury to or death of an employee of the State of Illinois, traveling as required by his employment, compensable under the Workmen's Compensation Act if the injury is sustained in a fire occurring while the employee is in his place of lodging and not during his ordinary working hours, and

2. Is the injury to or death of an employee of the Department of Public Health, arising out of and in the course of the employment, not in itself an extra-hazardous undertaking, compensable under the terms of the Workmen's Compensation Act.

Both of these questions have been answered in the affirmative in the opinion rendered by this court in the case of *Lilla M. Miller* vs. *State of Illinois*, No. 3991, 16 C.C.R. The decision in that case is controlling here, and permits of no distinction between an employee of the Department of Revenue, and an employee of the Department of Public Health.

The court, therefore, finds, that the death of G. G. Taylor arose out of and in the course of his employment, and that, as an employee of the Department of Public Health, he was entitled to the benefits of the Workmen's Compensation Act of this State.

Mr. Taylor's earnings during the year immediately preceding his death were in excess of $7,000.00, so that claimant is entitled to an award in the sum of $4,000.00. Since the death occurred subsequent to July 1, 1945, this must be increased 20%, making a total award of $4,800.00. The weekly compensation rate is the maximum of $15.00, increased 20%, or $18.00 per week.

Award is therefore entered in favor of the claimant, Margaret L. Taylor, in the amount of $4,800.00, to be paid to her as follows:

$ 756.00, accrued, is payable forthwith;

$4,044.00, is payable in weekly installments of $18.00 beginning on the 25th day of March, 1947, for a period of 224 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."